N. J. Dept. Labor—Curren v. W. V. Egbert & Co., Inc.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EDWARD J. CURREN, PETITIONER, v. W V. EGBERT &
COMPANY, INCORPORATED, RESPONDENT.

Injury to Clerk Resulting in Lighting Up a Quiescent Form of
Tuberculosis—Temporary and Permanent Disability.

For the petitioner, *Henry Carless*.

For the respondent, *Arthur F. Mead*.

*　*　*　*　*　*　*　*

1. The petition was duly filed in accordance with the act entitled "An act prescribing liability of an employer to make compensation for injuries received by an employe in the course of employment," approved April 4th, 1911, and the acts amendatory thereof and supplementary thereto.

2. Process was duly served upon the respondent, who filed an answer to the petitioner's petition.

3. The said Edward J. Curran, on the 2d day of November, 1925, was in the employ of the respondent as a clerk at the wages of thirty-five ($35) dollars per week. His duties consisted of getting out orders of plumbing supplies, and in the course of his said duties he had to lift heavy weights and perform heavy manual labor. On the said 2d day of November, 1925, while performing the said duties for the respondent, the base of a steam boiler, such as is used in residences for steam-heating purposes, fell from another steam boiler and struck the petitioner on the chest forcing him down on the floor of the room where he was working. He became unconscious and remained so for about twenty minutes. This happened at about three-thirty P. M., and after he regained consciousness he went into the washroom, and while there he had a hemorrhage, losing at that time about one-half pint of blood. He then went home and went to bed soon after he arrived there, and about six-thirty P. M. that evening

he had another hemorrhage, which was greater than the first one. He went to work the following day and continued working for about two weeks from the date of the accident, and during that time had about two or more additional hemorrhages. On the day after the accident he visited his family physician and he prescribed medicine for him, and on the 16th day of November, 1925, the physician strapped the petitioner's chest with adhesive tape. He was unable to do any work for three weeks following November 16th, 1925. He was weak and in continuous pain. He returned to work December 7th, 1925, and continued working until the 27th day of February, 1926, from which date he has been unable to do any kind of work, and is now suffering from tuberculosis.

4. It appeared from the testimony that the petitioner was suffering from tuberculosis in the year 1915. That he was sent to a tuberculosis sanatorium and at the end of about two months was discharged as being cured. From 1915 up to the date of the accident he was, apparently, in good health, worked steadily, and was able to perform heavy manual labor.

5. Doctor William J. Rumage and Doctor Edward McCabe testified that in their opinion the accident and injury to the petitioner lightened up a quiescent form of tuberculosis from which he had apparently been cured in 1915, into an active pulmonary tuberculosis, and that his present condition is a permanent one.

6. The said accident arose out of and in the course of petitioner's employment with the respondent, who had actual knowledge of said accident on the day of the happening thereof.

7. By reason of said accident the petitioner has become weak, lost weight, has continuous pains in the chest, frequently has night sweats, suffers from an irritating cough, and since November 16th, 1925, has had nine additional hemorrhages, the last one being on the 23d day of May, 1926, and was unable to follow his usual or any other occupation from February 27th, 1926, until June 9th, 1926, being a period of fourteen and three-sevenths weeks, for which he is entitled to compensation at the rate of seventeen dollars

($17) per week, amounting to two hundred and forty-five dollars and twenty-nine cents ($245.29).

8. Said accident and injury produced, in addition to said temporary disability, a condition of active pulmonary tuberculosis, which condition is a permanent disability equal to fifty per cent. (50%) of total disability, for which permanent disability he is entitled to two hundred and fifty weeks (250) compensation at the rate of seventeen dollars ($17) per week, amounting to four thousaid two hundred and fifty ($4,250) dollars.

\* \* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*